**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SHERRY RITTER,**

          **Plaintiff,**

   v.                                                                                  6:09-CV-1167
                                                            (NAM/VEB)

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**
_____

**APPEARANCES:**                                                                **OF COUNSEL:**

Peter W. Antonowicz, Esq.                                              Peter W. Antonowicz, Esq.
148 W. Dominick Street
Rome, New York 13440
*For Plaintiff*

Mary Ann Sloan                                                              Christopher J. Brackett,
Acting Regional Chief Counsel                                     Special Assistant U.S. Attorney
Social Security Administration
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
*For Commissioner*

**Hon. Norman A. Mordue, U.S. District Judge**

## MEMORANDUM DECISION AND ORDER

**I.    INTRODUCTION**

     Plaintiff Sherry Ritter brings this action under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the decision by defendant Michael J. Astrue, Commissioner of Social Security, to deny her application for disability insurance benefits ("DIB"). Plaintiff alleges that she has been disabled since April 6, 2003 due to back pain, lumbar

radiculopathy, depression, hypertension, slight artery stenosis, gastrointestinal problems, and an ovarian cyst. Administrative Transcript ("T.") 25-27.

On September 19, 2005, plaintiff filed an application benefits under the Social Security Act. Following an initial denial of her application, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On May 8, 2007, ALJ J. Michael Brounoff held a hearing. T. 444-517. Plaintiff appeared at the hearing with her attorney. T. 444. A vocational expert testified at the hearing. T. 444. On March 28, 2008, the ALJ issued a decision denying plaintiff's application. T. 23-31. On August 23, 2008, the Appeals Council denied plaintiff's request for review making the ALJ's decision the Commissioner's final determination. T. 6-8. Plaintiff filed this action on October 19, 2009.

This matter was referred to United States Magistrate Judge Victor E. Bianchini for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(d). Magistrate Judge Bianchini recommended that this Court enter judgment on the pleadings affirming the Commissioner's decision denying disability benefits and dismissing plaintiff's claims. Presently before the Court is plaintiff's objection to the Report and Recommendation.

## II.     ALJ's DECISION

To be eligible for Social Security disability benefits, a claimant must establish "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). There is a five-step analysis for evaluating disability claims:

> "In essence, if the Commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in

2

>Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do." The claimant bears the burden of proof on the first four steps, while the Social Security Administration bears the burden on the last step.

*Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (quoting *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002)); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (internal citations omitted).

The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since June 2, 2004, the alleged onset date. T. 25.

At step two, the ALJ found that plaintiff "has the following 'severe' impairments: back pain secondary to lumbar radiculopathy; and mild depression". T. 25. The ALJ found that although plaintiff's physicians had diagnosed hypertension, alight artery stenosis, gastrointestinal problems, and an ovarian cyst, none of these conditions produced "significant work-related limitations." T. 27.

At step three, the ALJ found that plaintiff did not "have an impairment or combination of impairments that meets or medically equals one of the listed impairments." T. 28.

Prior to step four, which requires a determination of whether the claimant can perform past relevant work, the ALJ found that plaintiff:

>has the residual functional capacity to lift/carry 50 pounds occasionally and about 20 pounds frequently, sit more than 6 hours in a routine 8-hour workday, and stand/walk more than 6 hours in such a workday. She has no significant limitations of reaching, handling, fingering, feeling, or pushing/pulling; has full use of the feet bilaterally for operation of controls; has no significant postural or environmental restrictions; and mentally is able to perform simple and some complex tasks and to interact appropriately with supervisors and co-workers.

T. 29.

At step four, the ALJ found that plaintiff is capable of performing past relevant work as a

personal care aide and as a seafood clerk.  T. 30.  The ALJ found "in the alternative that even if this claimant could some how demonstrate inability to return to such work, this claim would still be determined as 'not disabled' under the framework of Medical-Vocational Rules 203.28-203.21" because plaintiff was a "younger individual with a high school level education" and could "perform a usefully wide range of medium work."  T. 31.

### III.     APPEALS COUNCIL

Plaintiff filed a request for review of the ALJ's decision with the Appeals Council.  The Appeals Council received additional evidence which it made part of the record.  T. 9.  That evidence included medical records from Mitchell Rubinovich, M.D. dated March 21, 2007 to October 28, 2008, medical records from Joel Amidon, II, D.O. dated May 15, 2007 to December 17, 2008 and medical notes from Rome MRI Associates dated November 13, 2008.  T. 9.  The Appeals Council considered the additional evidence but found that it did "not provide a basis for changing the Administrative Law Judge's decision."  T. 6-7.  Accordingly, the Appeals Council denied plaintiff's request for review.  T. 6.

### IV.     REPORT-RECOMMENDATION

The Magistrate Judge found: (1) the Appeals Council was correct to conclude that the additional evidence, which indicated that at some point after the ALJ's decision plaintiff had developed "bilateral meniscus degeneration/knee joint effusion", did not provide a basis for changing the ALJ's decision; (2) the ALJ properly assessed the medical opinion evidence; (3) the ALJ "properly exercised his discretion to evaluate the credibility of plaintiff's testimony" and his decision to discount plaintiff's testimony was supported by substantial evidence; and (4) the ALJ's residual functional capacity determination was supported by substantial evidence.  Based

on these findings, the Magistrate Judge recommends that the Court grant the Commissioner's motion for judgment on the pleadings.

In this case, plaintiff only objects to the Magistrate Judge's determination that the evidence submitted to the Appeals Council did not provide a basis for changing the ALJ's decision.  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a Magistrate's Report and Recommendation to which a party specifically objects.  Plaintiff has waived further judicial review of all other issues.  *See Roland v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (failure to object to any portion of a Magistrate's Report and Recommendation operates as a waiver of further judicial review of those matters.) ; *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether plaintiff is disabled.  Rather, the Court must examine the administrative transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence.  *See Shaw*, 221 F.3d at 131; *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks and citation omitted).  An ALJ is obligated to develop the record regardless of whether claimant is represented by counsel.  *See Shaw*, 221 F.3d at 131.

**V.    DISCUSSION**

Plaintiff argues that she is entitled to remand because the ALJ and Appeals Council failed to acknowledge that her knees are impaired as demonstrated by the evidence submitted to the

Appeals Council.  The medical records show that plaintiff did not begin complaining of knee pain until September 4, 2008, more than five months after the ALJ issued his decision.  T.383.  Pursuant to the regulations, when it receives new evidence, the Appeals Council:

> shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.  The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.  It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b); *see Rutowski v. Astrue*, 368 Fed.Appx. 226, 229 (2d Cir. 2010) ("While evidence submitted to the Appeals Council becomes part of the administrative record, the Appeals Council, in reviewing a decision based on an application for benefits, will consider new evidence only if (1) the evidence is material, (2) the evidence relates to the period on or before the ALJ's hearing decision, and (3) the Appeals Council finds that the ALJ's decision is contrary to the weight of the evidence, including the new evidence.") (internal citation omitted) (citing *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir.1996); 20 C.F.R. § 416.1470)).

All evidence pertaining to plaintiff's allegedly disabling knee impairment post-dates the ALJ's decision.  At no point during the proceedings before the ALJ or in her hearing testimony did plaintiff allege that her knees were impaired.  Because the evidence does not relate to the period on or before the ALJ's decision, the Appeals Council did not err in refusing to review the decision.  Accordingly, plaintiff's objection is without merit.

## VI.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Report and Recommendation is adopted in its entirety; and it is

further

**ORDERED** that judgment be entered for the Commissioner; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Date:   May 15, 2012

Honorable Norman A. Mordue
U.S. District Judge